UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUAJOME PARK ACADEMY INC., ) <br> ) <br>               Plaintiff, ) <br> v. ) <br> ) <br> BEAU DUPERRY, et al, ) <br> ) <br>               Defendants. ) <br> ) <br> _____ ) | Civil No. 06cv658-MMA(RBB) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE NO. 8** <br><br> [Doc. No. 130] |

This matter is before the Court on Plaintiff Guajome Park Academy Inc.'s motion in limine to exclude testimony from defense witness Stephanie Persichetti at trial pursuant to Federal Rules of Evidence 401, 402, 403, and 602. Defendant David McCulloch filed an opposition to the motion [Doc. No. 137], and Plaintiff replied [Doc. No. 138]. For the following reasons, the Court **GRANTS** the motion.

### BACKGROUND

The trial of this matter is scheduled to begin on September 15, 2009. Pursuant to the Revised Pretrial Order issued by the Court on January 4, 2008 [Doc. No. 70], the parties have agreed that this is an action for alleged violations of the Computer Fraud and Abuse Act, 18 U.S.C. §1030, alleged violations of California Penal Code Section 502, alleged conspiracy to violate 18 U.S.C. §1030, and alleged conspiracy to violate California Penal Code Section 502. Plaintiff alleges that Defendant violated 18 U.S.C. Sections 1030(a)(2)(C) and (a)(5)(A)(iii) and California Penal Code Sections 502(c)(1), (c)(3), (c)(4), (c)(6), and (c)(7).

The Court provided a detailed factual background of the case in its August 16, 2007 Order Denying Defendant's Motion for Summary Judgment [Doc. No. 56]:

> "According to Plaintiff's Chief Business Officer, it is an accredited public secondary school for grades six through twelve. Plaintiff maintains a computer database containing confidential individual records for its students, including information regarding students' grades, social security numbers, and addresses. Additionally, the database contains information regarding the levels of access rights for registered users of the database. In July of 2004, Plaintiff entered into an agreement with an outside vendor, School for Integrated Academics and Technologies, Inc. ("SIATech") to maintain the database. According to Plaintiff, several employees of the vendor had access to the database.
>
> In December of 2004, Plaintiff informed SIATech that it would be moving all services provided by SIATech in house for the 2005-06 school year and would not continue the service agreement. Plaintiff and SIATech began the process of moving the technology systems in house on June 17, 2005. As of July 12, 2005, SIATech employees no longer had access to the database and access was limited to employees of Plaintiff. McCulloch worked for SIATech for a period of time before beginning employment with Plaintiff. McCulloch worked as an information systems support specialist for Plaintiff from March 1, 2005 through August 19, 2005. According to Plaintiff, a group of former employees of Plaintiff formed a website, guajomeunderground.org ("GU site"), to complain about Plaintiff's management and about Superintendent Penny Harrison. Some portions of the GU site were restricted from public view. Defendants Duperry and McCulloch were both members of the restricted portion of the GU site.
>
> On or about July 11, 2005, Plaintiff learned that two individuals had posted messages on the website threatening to access Plaintiff's database to retrieve grade information and other confidential information, and on July 13, 2005 it learned that confidential student grade change information had been posted on the site. On July 12, 2005, Plaintiff began an investigation after discovering that two employees could be involved in the messages. During the investigation, Plaintiff discovered instances of unauthorized access to the database between June 17, 2005 and July 14, 2005, and it learned that confidential information, including grades of a student, had been posted in an area of the GU site only accessible to registered members of the site. Plaintiff's investigation found that each access to the database originated from an IP address for a server registered to McCulloch. Plaintiff placed McCulloch on paid leave on July 18, 2005 while Plaintiff continued its investigation. Plaintiff eventually terminated McCulloch's employment on August 22, 2005. When McCulloch returned the laptop assigned to him back to Plaintiff, an examination revealed that all data had been erased on July 20, 2005. Soon after filing suit against DuPerry and McCulloch, Plaintiff settled with DuPerry. On July 13, 2006, the Court entered a stipulated final judgment against DuPerry."

(*See August 16, 2007 Order*, 2-4.) (citations omitted.)

Plaintiff now moves for an order excluding the testimony of Stephanie Persichetti at trial. Defendant has identified Persichetti as a supplemental witness expected to testify about Plaintiff's grading practices and methodologies, as well as her personal experience as an employee. Plaintiff deposed Persichetti on August 14, 2008. Plaintiff asserts that Persichetti's only knowledge of its grading practices and methodologies is her "incomplete recollection of student grade change policies,"

1  and that Persichetti has no personal knowledge of Plaintiff's allegations against Defendant or of any
2  matters relevant to this case. (*Plaintiff's Motion*, 4, citing Leonard Decl'n., Ex. B (Persichetti's Depo.
3  Transcript).) As such, Plaintiff argues that Persichetti's testimony should be excluded pursuant to
4  Federal Rule of Evidence 401 (relevance), Rule 402 (irrelevant testimony inadmissible), Rule 403 (more
5  prejudicial than probative), and Rule 602 (testimony inadmissible due to lack of personal knowledge).
6  Defendant opposes the motion, claiming that this "entire lawsuit arises from the grade change of one
7  student," taught by Persichetti. Defendant states that Persichetti will provide relevant testimony
8  regarding Plaintiff's grade change policy and alleged violations of the policy, within the context of her
9  experience as a teacher at the academy. Plaintiff replies that Persichetti's proffered testimony fails to
10 satisfy Rule 401 because it is not relevant to any material facts at issue in the case. Plaintiff asserts that
11 neither the grade change policy or a violation of the policy is a contested issue of fact or law pursuant to
12 the Revised Pretrial Order.

### DISCUSSION

14 Federal Rule of Evidence 401 provides that "'Relevant evidence' means evidence having any
15 tendency to make the existence of any fact that is of consequence to the determination of the action
16 more probable or less probable than it would be without the evidence." FED RULES EVID R 401.
17 Pursuant to Rule 402, "evidence which is not relevant is not admissible." The Ninth Circuit has held
18 that "[u]nder the Federal Rules of Evidence, questions of relevancy and admissibility are committed to
19 the trial court's discretion. We will not overturn its ruling unless there has been an abuse that affects
20 substantial rights." *Marquis v. Chrysler Corp*., 577 F.2d 624, 637 (9th Cir. 1978) (citing 1 WEINSTEIN'S
21 EVIDENCE P103[01], P401[01] & [08], and FED. RULES EVID. R 401, 402 & 403.)

22 The Court finds that Persichetti's testimony is not relevant to the remaining factual and legal
23 issues to be contested at trial pursuant to the Revised Pretrial Order. Plaintiff's grade change policy, the
24 question of whether Plaintiff's students' grades were changed in violation of the policy, and whether a
25 "grade changing scandal" occurred at the academy are referenced in the contested fact section of the
26 Revised Pretrial Order as follows:

27    12.   Defendant Beau DuPerry, a GU Site member, admitted accessing the GPA Database
            without authorization and posted the grade information of a GPA student whose grade
28          was allegedly wrongfully changes on a membership restricted portion of the GU Site.

|   |     |     |
|---|-----|-----|
| 1 | 15. | Erin Sheehan is the GPA student whose grade was changed by someone other than her course teacher at GPA.  It was information about Erin Sheehan's grade change that was posted by Beau DuPerry on the GU site. |
| 2 |     |     |
| 3 | 34. | (. . .) The GPA Database contains confidential information which includes, but is not limited to the following: (. . .) grades, grade change records (. . .). |
| 4 |     |     |
| 5 | 37. | (. . .) Student grade change information is viewable only by the registrar and users with administrator level access. |
| 6 | 60. | On or about July 11, 2005, Ms. Skaggs was contacted via telephone by Pat Quan who was a member of the GU Site who told her that two individuals had posted messages on the Restricted Forum threatening to access the GPA Database without authorization in order to retrieve grade information of a GPA graduate. |
| 7 |     |     |
| 8 |     |     |
| 9 | 67. | DuPerry accessed the GPA Database without authorization on multiple occasions in June and July 2005 and posted the grade information of a GPA student on the Restricted Forum on June 21, 2005. |
| 10 |    |     |
| 11 | 72. | GU Site records show that McCulloch was a member of the Restricted Forum of the GU Website, where DuPerry posted a GPA's student's proprietary grade change information, based on being vouched for by DuPerry. |
| 12 |    |     |

(*See January 4, 2008 Revised Pretrial Order*, Sec. VI "Contested Facts to be Litigated.")

The remaining contested facts to be litigated at trial, including those above, when viewed as a whole, demonstrate the following.  First, the "entire lawsuit," particularly the portion to be tried, does not revolve around Plaintiff's grade change policy and methodologies, as Defendant suggests in his opposition to this motion – it "revolves" around a former employee who allegedly exceeded his authorized access to a database containing a wide variety of confidential and proprietary information.  Second, Plaintiff does not allege, and never has, as a review of the First Amended Complaint demonstrates, that the remaining defendant in this case changed students' grades.  These accusations were levied against former defendant Beau DuPerry.  Third, Plaintiff and Defendant plan to call witnesses at trial who have actual knowledge of the facts material to the case at this stage in the litigation.  For example, the witness lists include Beau DuPerry, who can provide testimony based on personal experience regarding unauthorized access to Plaintiff's database, the grade changes which Plaintiff accused him (not Defendant) of making, and Defendant's role, if any, in assisting him in gaining access to the database; Patricia Quan and Carla Skaggs, both of whom can provide testimony based on personal experience regarding the GU Site and the information that appeared on the Site; and Penny Harrison, who can provide testimony based on personal experience regarding Plaintiff's database

of information, its confidential contents, and what portions of the database are restricted access.

Persichetti's anticipated testimony does not satisfy the prerequisite of Rule 401, as it will not make the existence of any fact that is of consequence to the allegations against Defendant more probable or less probable. Defendant asserts that Persichetti will testify regarding unauthorized changes to her students' grades; Defendant is not alleged to have changed these grades. Persichetti will testify to Plaintiff's grade change policies and procedures; Defendant is not alleged to have violated the grade change policies or procedures, and she demonstrated during her deposition that her recollection of this information is incomplete at best. Defendant asserts that Persichetti can provide testimony regarding reasons why Plaintiff's administrators would change grades and the pressure placed on teachers to change grades; neither of these topics is relevant to the facts or legal issues which remain in dispute. Defendant is on trial, not Plaintiff's administrators. Defendant also asserts that Persichetti will testify regarding Plaintiff's Acceptable Computer and Internet Use Policy. Defendant argues that her testimony is material to Plaintiff's breach of contract claim because Plaintiff "has never produced an AUP contract signed by him" and "the terms of [Defendant's] job duties at GPA prevented him from following the AUP contract." (*Defendant's Opposition*, 7.) The contract is on Plaintiff's exhibit list, to be produced at trial, and Defendant offers no basis for why or how Persichetti has any personal knowledge of whether Defendant signed the contract or whether Defendant's job duties prevented him from abiding by its terms. Her testimony that she signed such a contract is irrelevant.

Even if the Court found Persichetti's testimony relevant, it would nonetheless be excluded pursuant to Rule 403, which provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Lengthy testimony regarding an alleged grade changing scandal would be far less probative than prejudicial at trial. "Undue prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). It is evidence likely to mislead and distract the jury from the material issues of this case. *United States v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985). Furthermore, Persichetti's testimony would be a "waste of time" and to the extent it would be relevant, would be needlessly

cumulative as the parties have identified witnesses who can testify to the facts truly in dispute. Plaintiff has met its burden under the applicable Federal Rules of Evidence and Persichetti's testimony shall be excluded from the trial of this matter.

## CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Plaintiff's motion in limine to exclude the testimony of Stephanie Persichetti at trial.

**IT IS SO ORDERED**.

DATED:  August 7, 2009

Hon. Michael M. Anello
United States District Judge